UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 18-35 (JRT/TNL)

UNITED STATES OF AMERICA,

          Plaintiff,                  **PLEA AGREEMENT AND SENTENCING STIPULATIONS**

v.

MATTHEW SCOTT WHITE,

          Defendant.

The United States of America and defendant Matthew Scott White (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** The defendant agrees to plead guilty to Count Two of the Indictment, which charges the defendant with Bank Fraud, in violation of Title 18, United States Code, Section 1344(2). The defendant fully understands the nature and elements of the crime with which he has been charged. At the time of sentencing, the government agrees to move to dismiss the remaining counts of the Indictment.

2. **Factual Basis.** The defendant is pleading guilty because he is in fact guilty of Count Two of the Indictment. In pleading guilty, the defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

1


SCANNED MAR 11 2019 U.S. DISTRICT ...rLS

Beginning at least in September 2016 until January 27, 2017, in the State and District of Minnesota, the defendant engaged in an ongoing bank fraud and aggravated identity theft scheme. As part of the defendant's fraudulent scheme, he stole U.S. mail, including outgoing personal checks and identity documents contained therein. The defendant worked with others, including his girlfriend Jodean Taylor, to carry out his scheme. The defendant stole U.S. mail, personal checks, and identity documents from a variety of locations, including from residential mailboxes, from cars, and from apartment buildings. The defendant then used commercial check printing software to make counterfeit checks, where the account owner information in the upper left corner of the check reflected the defendant's real or alias names but the routing and bank account information was that contained in the stolen check. The defendant used these counterfeit checks at a variety of retail establishments.

As to Count Two of the Indictment, on or about December 31, 2016, the defendant broke into the administrative office of The View at Long Lake Apartments, an apartment complex in New Brighton, Minnesota. The defendant stole mail from that location, including several paid checks. One of the stolen checks was a Wells Fargo Bank check (account number ending in 3617) of victim C.G. The defendant used C.G.'s stolen check to create a counterfeit check in the defendant's name that contained the routing and bank account information from victim C.G.'s Wells Fargo Bank account. On January 17, 2017, the defendant used the counterfeit check, which he wrote out in the amount of $131.69, to buy retail items at a Target store in Shoreview, Minnesota. The defendant signed the counterfeit check and was captured

on surveillance video passing the counterfeit check. C.G. did not give the defendant permission to counterfeit or negotiate C.G.'s check. Additionally, at the relevant times, Wells Fargo Bank was insured by the Federal Deposit Insurance Corporation (FDIC).

The defendant agrees and admits that he executed the above-referenced scheme numerous times between September 2016 and January 27, 2017. The defendant admits that his scheme involved more than ten victims and that the total loss for purposes of the sentencing guidelines calculations was approximately $70,412.04 (*i.e.*, more than $40,000 but not more than $95,000). U.S.S.G. § 2B1.1(b)(1)(D).

3. **Waiver of Pretrial Motions.** The defendant understands and agrees that the defendant has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to file pre-trial motions in this case.

4. **Statutory Penalties.** The defendant understands that Count Two of the Indictment (Bank Fraud, in violation of Title 18, United States Code, Section 1344(2)) carries the following maximum statutory penalties:

    a. a maximum of 30 years in prison;

    b. a maximum supervised release term of 5 years;

    c. a maximum fine of $1,000,000;

    d. restitution as agreed to by the parties in this agreement; and

e. a mandatory special assessment of $100.

5. **Revocation of Supervised Release**. The defendant understands that if he were to violate any condition of supervised release, the defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

6. **Guidelines Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq*. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guidelines calculations:

   a. Base Offense Level. The parties agree that the base offense level is 7. U.S.S.G. § 2B1.1(a)(1).

   b. Specific Offense Characteristics. The parties agree that the offense level should be increased by 6 levels because the loss exceeded $40,000 but did not exceed $95,000. U.S.S.G. § 2B1.1(b)(1)(D). The parties agree that the offense level should be increased by 2 levels because the offense involved ten or more victims. U.S.S.G. § 2B1.1(b)(2)(A)(i). The parties agree that no other specific offense characteristics apply.

   c. Chapter 3 Adjustments. The parties agree that no Chapter 3 adjustments apply.

   d. Acceptance of Responsibility. The government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). Whether the reduction will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendations are conditioned

4

upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing.

e. Criminal History Category. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category VI. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

f. Guidelines Range. If the adjusted offense level is 13, and the criminal history category is VI, the Sentencing Guidelines range is 33 to 41 months of imprisonment.

g. Fine Range. If the adjusted offense level is 13, the Sentencing Guidelines fine range is $5,500 to $55,000. U.S.S.G. § 5E1.2(c)(3).

h. Supervised Release. The Sentencing Guidelines require a term of supervised release of at least two but not more than five years. U.S.S.G. § 5D1.2(a)(2).

i. **Sentencing Recommendation and Departures. The parties agree that sentencing should be set out a minimum of twelve months from the entry of the defendant's guilty plea. If the defendant has any adjudicated pretrial infractions during this time period, including but not limited to positive drug tests, the parties agree that the Court should promptly schedule a sentencing hearing and that a sentence of <u>at least</u> twenty-four months of incarceration would be the appropriate sentence in this case. However, if the defendant does not incur any adjudicated pretrial infractions during this time period,**

5

> the parties have the right to make a motion for departure(s) from the applicable Guidelines range, to oppose any such motion made by the opposing party, and to argue for a sentence outside the applicable Guidelines range.

7.  **Discretion of the Court.** The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

8.  **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to Guideline § 5E1.3. The defendant agrees to pay the $100 special assessment prior to sentencing.

9.  **Restitution and Disclosure of Assets.** The defendant understands and agrees that the Mandatory Victim Restitution Act, Title 18, United States Code, Section 3663A, applies and that the Court is required to order the defendant to make restitution to the victims of his crimes. The defendant and the government agree that, as a result of the transaction the defendant carried out in furtherance of his bank fraud and the defendant's other fraudulent transactions, the defendant owes

restitution in the amount of $28,769.51. The defendant agrees not to oppose the Court's entry of an order that he pay restitution in that amount. The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest. The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution and fines ordered by the Court. The defendant agrees to complete a financial statement fully and truthfully before the date of sentencing.

10. **Forfeiture.** The defendant agrees to forfeit all property, real or personal, which constitutes or is derived from proceeds traceable to Count Two of the Indictment. The government reserves its right to seek the direct forfeiture of specific assets, a money judgment forfeiture against the defendant, and the forfeiture of substitute property pursuant to 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

11. **Waiver of Trial Right**. The defendant understands that he has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial. The defendant understands that by pleading guilty he surrenders this right.

12. **Waivers of Appeal and Collateral Attack.** The defendant understands that 18 U.S.C. § 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this right, and in exchange for the concessions made by the United States in this plea agreement, the defendant hereby

waives all rights conferred by 18 U.S.C. § 3742 to appeal the defendant's sentence if the Court imposes a sentence at or below 41 months of imprisonment. In exchange, the United States waives its right to appeal the sentence unless the sentence of imprisonment is less than 33 months of imprisonment. In addition, the defendant expressly waives the right to petition under 28 U.S.C. § 2255. However, the waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel. The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

13. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

14. **Complete Agreement.** This, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

ERICA H. MacDONALD
United States Attorney

Date: 3/8/19

BY: MELINDA A. WILLIAMS
Assistant United States Attorney

Date: 3/8/19

MATTHEW SCOTT WHITE
Defendant

Date: 3/8/19

KEALA C. EDE, Esq.
Counsel for Defendant